# EXHIBIT 8



May 14, 2025

## RESERVATION OF RIGHTS LETTER

**VIA FEDERAL EXPRESS**

TASH Property Owner, LLC          Darren B. Casey
200 East Basse Road, Suite 300    200 East Basse Road, Suite 300
San Antonio, Texas 78209          San Antonio, Texas 78209
Attention: Darren Casey

Re:   Fifth Third Bank, National Association ("Lender") loan (the "Loan") to TASH Property Owner, LLC, a Delaware limited liability company ("Borrower") as more particularly described in that certain Loan Agreement between Borrower and Lender dated June 9, 2023 (the "Loan Agreement"); Initially capitalized terms used herein but not defined have the meanings set forth in the Loan Agreement

Ladies and Gentlemen:

As you know, Darren B. Casey, an individual (the "Guarantor") has failed to maintain minimum Liquid Assets of at least $6,000,000.00 required under the Loan Documents, including, without limitation, the Loan Agreement and of that certain Guaranty of Completion executed by Guarantor for the benefit of Lender dated June 9, 2023 (the "Completion Guaranty") and that certain Guaranty of Payment and Carry executed by Guarantor for the benefit of Lender dated June 9, 2023 (the "Carry Guaranty" and together with the Completion Guaranty, collectively, the "Guaranty") for the calendar period ending on December 31, 2024. As a result, an Event of Default exists under the Loan Documents.

As of this date, Lender has not elected to exercise any of its available rights and remedies as a result of the existence of the Event of Default. **LENDER, HOWEVER, RESERVES THE RIGHT TO EXERCISE, AT ANY TIME AND FROM TIME TO TIME, ANY AND ALL RIGHTS AND REMEDIES AVAILABLE TO LENDER UNDER THE LOAN DOCUMENTS, AT LAW, IN EQUITY OR OTHERWISE, WITHOUT FURTHER NOTICE OR DEMAND.**

The description of the Loan Documents contained herein is for your information and convenience only and shall not be deemed to limit, amplify or modify the terms or otherwise affect the Loan Documents. The description of the Event of Default shall not be deemed to exclude the existence of other defaults or potential defaults under the Loan Documents. The description herein of the specific rights and remedies of Lender shall not be deemed to limit or exclude any other rights to which Lender may be or become entitled under the Loan Documents, at law, in equity or otherwise.

In no event and under no circumstance shall any past, present or future discussions or written communications with Lender and/or Lender's delay or forbearance from exercising any of its rights or remedies under the Loan Documents: (i) cause a modification of the Loan Documents; (ii) establish a custom or course of dealing under the Loan Documents; (iii) operate as a waiver of any existing or future Event of Default under the Loan Documents; (iv) entitle you to any other or further notice or demand; (v) modify, change, impair, affect, diminish or release any of your obligations or liabilities under the Loan Documents; (vi) impair any other notice of default Lender has delivered (or will deliver), (vii) constitute an

agreement of Lender to agree to any modification of the Loan Documents, or (viii) waive, limit, suspend or condition Lender's rights and remedies under the Loan Documents, all of which rights and remedies are expressly reserved.

        Very truly yours,

        Fifth Third Bank, National Association

        By: *[signature]*
        Name: Mark Peterson
        Title: Senior Vice President

---

cc: Via Federal Express

Golden Steves & Gordon LLP
200 East Basse Road, Suite 200
San Antonio, Texas 78209
Attn: Melanie C. Goebel

Forum SFG Steubing Heights, LLC
240 Saint Paul Street, Suite 400
Denver, Colorado 80206
Attn: Sarah Adkins and Elizabeth Ryn

Greenberg Traurig, LLP
1717 Arch Street, Suite 400
Philadelphia, Pennsylvania 19103
Attn: Jon Robins, Esq.

Classification: Internal Use



January 15, 2026

**Via Email/Facsimile and Overnight Mail**
TASH Property Owner, LLC
200 East Basse Road, Suite 300
San Antonio, Texas 78209
Attn: Darren Casey

Darren B. Casey
200 East Basse Road, Suite 300
San Antonio, Texas 78209

      Re:    **NOTICE OF DEFAULTS AND EVENTS OF DEFAULT AND RESERVATION OF RIGHTS**

Ladies and Gentlemen:

      Reference is made to (a) that certain Construction Loan Agreement dated as of June 9, 2023 (as amended, restated, extended, supplemented or otherwise modified from time to time, the "***Loan Agreement***"), by and between TASH Property Owner, LLC ("***Borrower***") and Fifth Third Bank, National Association ("***Lender***"); (b) that certain Guaranty of Payment and Carry dated as of June 9, 2023, by Darren B. Casey for the benefit of Lender; (c) that certain Guaranty of Completion dated as of June 9, 2023, by Darren B. Casey for the benefit of Lender; (d) that certain Promissory Note dated June 9, 2023 (the "***Note***"), by Borrower in favor of Lender; and (e) all other agreements, instruments, and documents executed in connection therewith. All of the foregoing, as amended, restated, extended, supplemented or otherwise modified from time to time, are referred to herein collectively as the "***Loan Documents***." Unless otherwise defined herein, capitalized terms used herein shall have the meanings provided in the Loan Agreement or the other Loan Documents, as applicable.

      For purposes of this notice, the term "***Existing Default***" means collectively (i) the Event of Default described in Lender's letter dated May 14, 2025, and (ii) any additional Events of Default that have occurred and are continuing under the Loan Agreement and other Loan Documents, including, without limitation, the Breaches described herein relating to the filing certain Liens against the Property.

      As you are aware from our letter dated May 14, 2025, an Event of Default has occurred and is continuing under the Loan Agreement. It has also come to the attention of Lender that certain mechanics liens, which constitute additional breaches of the Loan Agreement, have been recorded against the Property. The filing of the mechanics liens (collectively, the "***Breaches***") constitutes a violation of the Loan Agreement. Pursuant to <u>Section 6.8</u> of the Loan Agreement, you have ten (10) Business Days from the date of this notice to resolve the Breaches by paying and discharging, bonding over, or properly contesting the Liens in strict accordance with the Loan Agreement and Security Instrument.

      Please note that the foregoing list is not meant to be an exhaustive or all-encompassing list of all of the possible Events of Default that have occurred or may be continuing under the Loan Agreement or

TASH Property Owner, LLC
Darren B. Casey
January 15, 2026
Page 2

any of the other Loan Documents, and that Lender does hereby reserve and preserve any and all past, present or future violations or Events of Default under the Loan Agreement and the other Loan Documents. As a result of the Existing Defaults, Lender is entitled to, and may at any time and in its sole and absolute discretion, without notice, presentment or protest, exercise any and all default-related rights, privileges, powers and remedies under the Loan Agreement, the other Loan Documents and applicable law.

**As a result of the occurrence and continuance of the Existing Defaults, you are hereby notified that Lender reserves the right to charge interest at the Default Rate of the Interest Rate plus four percent (4%) retroactive to the time of occurrence of the first Event of Default. In accordance with Lender's rights, privileges, powers and remedies, Lender has no obligation to make any further Loans or otherwise extend credit to Borrower under the Loan Agreement or otherwise, and any such further Loans shall be in Lender's sole and absolute discretion and may be subject to such further terms and conditions as Lender may, in its sole discretion require. In addition, by no later than January 30, 2026, Borrower shall take all reasonable steps for Lender to obtain control of all deposit and other accounts held at any other depositary institution other than Lender, by, among other things, delivering to Lender a control agreement, in form and substance reasonably satisfactory to Lender, executed by Borrower, Lender and the applicable depositary institution.**

Lender expressly reserves all of its rights, powers, privileges, and remedies under the Loan Agreement and all other Loan Documents. Lender may elect to exercise any or all of its rights, at its sole option, at any time hereafter, without the necessity of any further notice, demand, or other action on the part of Lender. Nothing contained in this letter, nor any delay by Lender in exercising any rights, powers, privileges, or remedies under the Loan Agreement, the other Loan Documents, or applicable law with respect to any existing or future Event of Default, shall be construed as a waiver or modification of such rights, powers, privileges, or remedies. The failure of Lender to exercise any such rights, powers, privileges, or remedies is not intended, and shall not be construed, to be a waiver of any such Event of Default (including, without limitation, the Existing Defaults).

Any partial payment by Borrower, any Guarantor, or any other person or entity of any amount owing under the Loan Agreement or any of the other Loan Documents may, at Lender's option, be accepted and applied on account of any obligations under such documents. If so accepted, however, such partial payment shall be without waiver of or prejudice to any rights or remedies available to Lender on account of any violations of the Loan Agreement or any of the other Loan Documents, and shall not constitute a satisfaction or an accord and satisfaction of any of the obligations.

Lender acknowledges that discussions addressing the Existing Defaults may have taken place and/or may take place in the future. The holding of any discussions between or among any or all of Lender and Borrower regarding the administration of the obligations or proposals regarding amendments to, or modifications or restructurings of, the Loan Agreement or any other Loan Document shall not constitute any waiver of any default or Event of Default (including, without limitation, any Existing Defaults), or an agreement to forbear from the exercise of Lender's rights and remedies under the Loan Agreement or any other Loan Document or applicable law, nor shall it be construed as an undertaking by Lender to continue such discussions or to enter into any such amendments, modifications, or restructurings. During the course of such discussions, Lender and Borrower may touch upon and possibly reach a preliminary understanding on one or more issues prior to concluding negotiations. Notwithstanding this fact and absent an express written waiver by Lender, Lender will not be bound by an agreement on any individual issue unless and

until an agreement is reached on all issues and such agreement is reduced to writing and signed by the applicable parties.

As of the date of this letter, there are no oral agreements between Lender and Borrower, and any agreements concerning the obligations are expressed only in the existing Loan Agreement and the other Loan Documents. The duties and obligations of Borrower and Lender shall be only as set forth in the Loan Agreement and the other Loan Documents.

This letter shall not establish a custom or course of dealing and does not waive, limit, or postpone Borrower's liabilities or obligations under the Loan Agreement, the other Loan Documents, or otherwise, or any other person or entity obligated thereunder. Any discussions (whether written or oral) that have occurred or which hereafter may occur are not, and shall not be deemed to be, a waiver, limitation, or postponement of any of Lender's rights and remedies under the Loan Agreement or the other Loan Documents or applicable law, all of which rights and remedies hereby expressly are reserved. Nothing contained in this letter shall confer on Borrower, any Guarantor, or any other person or entity any right to other or further notice or cure periods with respect to the Existing Defaults.

**[SIGNATURE APPEARS ON THE FOLLOWING PAGE]**

        Sincerely,

        **FIFTH THIRD BANK, NATIONAL ASSOCIATION**

        By: _____
        Name: Nicholas Haas
        Title: Vice President


cc: Golden Steves & Gordon LLP
   200 East Basse Road, Suite 200
   San Antonio, Texas 78209
   Attn: Melanie C. Goebel (mgoebel@goldensteves.com)

   Forum SBG Steubing Heights, LLC
   240 Saint Paul Street, Suite 400
   Denver, CO 80206
   Attn: Sarah Adkins and Elizabeth Ryn
   Email: sadkins@forumcapadvisors.com
       eryan@forumcapadvisors.com

   Greenberg Traurig, LLP
   1717 Arch Street, Suite 400
   Philadelphia, PA 19103
   Attn: Jon Robins, Esq.
   Email: robinsj@gtlaw.com